**TRINITY AMBULANCE
SERVICE, INC. et al.**

v.

**G & L AMBULANCE
SERVICE, INC. et al.**

Civ. Nos. H–82–969, H–82–970(JAC).

United States District Court,
D. Connecticut.

Oct. 10, 1985.

See also, 578 F.Supp. 1280.

Eliot B. Gersten, Hartford, Conn., for plaintiff Trinity Ambulance Service, Inc.

Sidney T. Schulman, Hartford, Conn., for plaintiff Aetna Ambulance Service, Inc.

James A. Wade, Janet C. Hall, Theodore J. Tucci, Hartford, Conn., for defendant City of Hartford.

James F. Meehan, Hartford, Conn., for defendant G & L Ambulance Service, Inc.

Anthony J. Palermino, Hartford, Conn., for defendant L & M Ambulance Corp.

Martin S. Stillman, Rocky Hill, Conn., for defendant Professional Ambulance Service, Inc.

RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND ON PLAINTIFF TRINITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

JOSÉ A. CABRANES, District Judge:

This action is before the court on the four defendants' motions for summary judgment and the plaintiff Trinity Ambulance's cross-motion for partial summary judgment. The issue presented in all five motions is whether the allegedly anti-competitive acts attributed to the defendants are shielded from federal antitrust liability by the "state action" doctrine first enunciated by the Supreme Court in *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943).

The plaintiffs allege that the City of Hartford and three of their competitors violated Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2, by entering into and performing under contracts for the exclusive provision of emergency ambulance service to defined geographic regions of the City. Third Amended Complaint (filed November 16, 1983) ¶¶ 6–12. In addition, the plaintiffs allege that these actions violated Connecticut statutory and common law. *Id.* at ¶¶ 13–21.

I.

The Supreme Court recently reiterated that a municipality is immune from antitrust liability when "engaging in the challenged activity pursuant to a clearly expressed state policy." *Town of Hallie v. City of Eau Claire*, —— U.S. ——, 105 S.Ct. 1713, 1717, 85 L.Ed.2d 24 (1985). This requirement is satisfied when the conduct at issue is a "foreseeable result" of regulatory activity authorized by the state. *Id.* at 1718.

The Court noted that "[i]t is not necessary ... for the state legislature to have stated explicitly that it expected the City to engage in conduct that would have anti-competitive effects." *Id.* at 1719. It is only necessary that "the State as sovereign clearly intends to displace competition in a particular field with a regulatory scheme." *Southern Motor Carriers Rate Conference, Inc. v. United States*, —— U.S. ——, 105 S.Ct. 1721, 1731, 85 L.Ed.2d 36 (1985). Furthermore, the Court held that a city need not demonstrate that the state compelled or actively supervised its allegedly anti-competitive conduct. *Town of Hallie v. City of Eau Claire*, 105 S.Ct. at 1715, 1720.[1]

In this case, the City of Hartford claims to have acted pursuant to the Emergency Medical Services Act, C.G.S. §§ 19a–175 to 19a–195a, and the regulations promulgated thereunder. *See* Memorandum of Law in Support of Defendant City of Hartford's Motion for Summary Judgment (filed May 17, 1985) at 11–12. The Act requires that "health systems agencies" develop regional plans for the delivery of emergency medical services and that such plans define specific geographic regions to be served by a

---

1. The Court conceded that a contrary rule with respect to active state supervision had been suggested by its plurality opinion in *City of Lafayette v. Louisiana Power & Light Co.*, 435 U.S. 389, 415, 98 S.Ct. 1123, 1138, 55 L.Ed.2d 364 (1978). *Town of Hallie v. City of Eau Claire, supra*, 105 S.Ct. at 1720. This court previously applied the standards enunciated in the plurality opinion in denying similar motions for summary judgment by these defendants. *See* Endorsement Ruling on Defendant City of Hartford's Motion for Summary Judgment (entered August 12, 1983).

single provider. C.G.S. § 19a–182. The regulations promulgated pursuant to the Act by the Commissioner of Health and the Office of Emergency Medical Services state explicitly that each service area shall be assigned to only one ambulance company. Conn. Agencies Regs. § 19–73w–404(B).

■ It is clear that the policy underlying the Act was to displace free competition among providers of emergency medical services with regulation designed to promote "the efficient, effective and coordinated delivery of health care services under emergency conditions." C.G.S. § 19a–175(a). The legislature surely contemplated that one means of implementing this policy, consistent with C.G.S. § 19a–182, might be to award exclusive contracts for the emergency service of defined geographic areas to only some of the existing ambulance companies.

■ The plaintiffs urge the court to read into C.G.S. § 19a–182 a requirement that contracts for the provision of emergency services must be awarded to all ambulance companies in existence at the time of its enactment regardless of their size or capabilities. *See* Memorandum of Plaintiff Trinity in Support of Its Motion for Partial Summary Judgment and in Opposition to Defendants' Motions for Summary Judgment (filed June 14, 1985) ("Trinity Memorandum") at 11, n. 2. The court finds no support for such a "grandfather clause" in either the statute or its legislative history.

■ The court likewise rejects the plaintiffs' contention, raised for the first time at oral argument, that the statute is inapplicable in the instant case because the City has not received formal designation as a "health systems agency." The plaintiffs fail to recognize that the focus of the inquiry mandated by *Town of Hallie v. City of Eau Claire, supra,* is on whether the legislature intended to displace competition

with regulation, not on which state-created entity was to serve as the primary regulator. It is sufficient for purposes of this inquiry that the legislature was aware that "a single unit of general local government" could be designated a "health systems agency," *see* 42 U.S.C. § 300*l*–1(b)(1)(C), and therefore could engage in the sort of anti-competitive active authorized by C.G.S. § 19a–182.

The court holds that C.G.S. § 19a–182 is sufficient in itself to evince a clear state policy to supplant competition with regulation. It is therefore unnecessary to reach the plaintiffs' assertion that the regulations implementing the statute cannot constitute state policy because of alleged irregularities in their promulgation. *See* Plaintiff Trinity's Supplementary Memorandum in Support of Motion for Summary Judgment (filed October 8, 1985) at 2–3. The court nonetheless notes that the plaintiffs have not seen fit to challenge the regulations directly either by bringing a separate action against the state or by seeking to add the state as a defendant in this proceeding. Moreover, the only Connecticut court to have considered the validity of the instant regulations upheld them as "the product of specifically directed state action." *Professional Ambulance Service, Inc. v. Blackstone,* 35 Conn.Supp. 136, 400 A.2d 1031, 1033 (1978).

In sum, the court finds that the City of Hartford acted pursuant to a clearly articulated state policy in contracting with fewer than all of the existing ambulance companies for the exclusive provision of emergency ambulance services to specified geographic areas of the City. Accordingly, the City is immune from federal antitrust liability under the "state action" doctrine.[2]

## II.

The Supreme Court has held that the actions of private parties are exempt from

---

**2.** As noted above, the City of Hartford need not demonstrate that the state actively supervised the negotiation or implementation of the contracts at issue in this case. *See Town of Hallie v. City of Eau Claire, supra,* 105 S.Ct. at 1720. The approval of the contracts by the Executive Committee of the North Central Connecticut Emergency Medical Services Council and the State Office of Emergency Medical Services nonetheless serves to reinforce the court's conclusion that the city has acted in furtherance of a clearly articulated state policy.

federal antitrust liability if they are undertaken pursuant to a clearly articulated state policy and are supervised actively by the state. *See Southern Motor Carriers Rate Conference, Inc. v. United States, supra,* 105 S.Ct. at 1729; *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.,* 445 U.S. 97, 105–106, 100 S.Ct. 937, 943–944, 63 L.Ed.2d 233 (1980).

The court has already found that the first prong of this test is satisfied in the circumstances of this case, because C.G.S. § 19a–182 clearly authorizes the challenged activities.

■ The plaintiffs have not alleged that the defendant ambulance companies did anything more than respond to the City's "request for proposal," execute contracts at the direction of the City, and perform their obligations under those contracts. It is clear that these actions were supervised actively by the City in exercising its responsibilities under the Emergency Medical Services Act. *See Gold Cross Ambulance and Transfer v. City of Kansas City,* 538 F.Supp. 956, 966–967 (W.D.Mo.1982), *aff'd,* 705 F.2d 1005 (8th Cir.1983), *cert. denied,* — U.S. ——, 105 S.Ct. 1864, 85 L.Ed.2d 158 (1985) ("regulation by the City itself satisfies the active supervision requirement ... since its regulation of ambulance service is exercised under the authorization and direction of state policy."). The official supervision of the ambulance companies in this case is at least equivalent in degree to the official supervision of private defendants that was deemed sufficient in *Southern Motor Carriers Rate Conference, Inc. v. United States, supra,* and *Gold Cross Ambulance and Transfer v. City of Kansas City, supra.*

■ The court's conclusions are not affected by the plaintiffs' allegations that the Maple Hill Ambulance Co., a non-party that is related in ownership to one of the defendants, may have responded to certain calls for emergency ambulance service without the approval of the City. *See* Trinity Memorandum at 5, n. 1. These allegations do not suggest that the City failed to supervise any activities of the private defendants that otherwise might constitute a violation of the Sherman Act.

Accordingly, the court finds that the defendant ambulance companies, like the City of Hartford, are immune from federal antitrust liability. *Cf. Independent Taxicab Drivers' Employees v. Greater Houston Transportation Co.,* 760 F.2d 607, 613 (5th Cir.1985) (Goldberg, J.) (observing, in finding private defendants immune under the *Noerr-Pennington* doctrine, that "[i]t would be anomalous to hold on the one hand that government can contract with private entities to effectuate valid, albeit anticompetitive, policies, while holding on the other hand that private entities cannot petition government to participate in the public endeavor.").

### III.

■ The plaintiffs also seek to hold the defendants liable for interference with prospective business advantage and for violations of Connecticut antitrust law. These pendent claims are hereby dismissed for lack of an independent basis of subject matter jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Federman v. Empire Fire and Marine Insurance Co.,* 597 F.2d 798, 809 (2d Cir.1979) ("Dismissal of the state claim is the recommended procedure ... in cases where the federal claim is disposed of prior to trial").

### Conclusions

For the foregoing reasons, the defendants' motions for summary judgment are granted, and plaintiff Trinity Hospital's motion for partial summary judgment is denied. Judgments for the defendants shall enter forthwith.

It is so ordered.